UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID HOWARD, <br> DUSTIN EVANS, <br> DAMON FLOWERS, <br><br>       Plaintiffs, <br><br>       v. <br><br> BRANDON MILLER, <br> AMANDA COPELAND, <br> ARAMARK CORPORATION, <br><br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    No. 1:20-cv-00352-TWP-MPB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER DENYING MOTIONS FOR ASSISTANCE
RECRUITING COUNSEL AND TO CONSOLIDATE CASES**

**I.
MOTIONS FOR COUNSEL**

Plaintiffs Howard, Evans, and Flowers have filed two duplicative motions for assistance recruiting counsel. Dkts. 37-38. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively

precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Walker*, 900 F.3d at 938 (internal quotations omitted). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt,* 503 F.3d 647, 653 (7th Cir. 2007); *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because neither of the plaintiff's requests for counsel showed that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion) (citing *Pruitt*, 503 F.3d at 654–55 (7th Cir. 2007) (en banc); *Romanelli v. Suliene*, 615 F.3d 847, 851–52 (7th Cir. 2010) (explaining that the denial of a motion to recruit counsel was justified by the district court's finding that the plaintiff had not tried to obtain counsel)). The plaintiffs' motions do not allege that they have attempted to recruit counsel on their own.

To decide the second question, the Court considers "'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Olson*, 750 F.3d at 712 (quoting *Pruitt,* 503 F.3d at 655). To facilitate the process of evaluating requests for counsel, the Court has prepared a form motion for indigent litigants seeking the appointment of counsel. The form requests the information necessary for the Court to determine the merits of the motion and requires the litigant to acknowledge important conditions of the appointment of counsel. None of the information needed to evaluate the plaintiffs' request is included in their motions.

The plaintiffs' motions for assistance recruiting counsel, dkt. [37] and dkt. [38], are **DENIED WITHOUT PREJUDICE** because they do not indicate that they have made a reasonable effort to recruit counsel on their own, nor do they provide sufficient information to make a determination on the merits or acknowledge the conditions of the appointment of counsel.

## II.
## MOTIONS TO CONSOLIDATE

The plaintiffs' motions for counsel also ask that this case be consolidated with six other cases pending in this Court, arguing that they involve the "exact same issues and exact same defendants." Dkt. 37; dkt. 38. Federal Rule of Civil Procedure 42(a)(2) authorizes courts to consolidate actions that involve "a common question of law or fact." Pursuant Local Rule 42-1, a motion to consolidate must be filed "in the case with the earliest docket number," and a "notice of the motion" must be filed "in all other cases."

Among the cases the plaintiffs seek to consolidate, the case with the earliest docket number is *Callahan v. Douglas, et. al*, 1:19-cv-3908-JMS-DML. There is a pending motion to consolidate in *Callahan* at dkt. 133. Accordingly, the motions to consolidate filed in this case, dkt. [37] and dkt. [38], are **DENIED** as improper in accordance with Local Rule 42-1. For purposes of the motion to consolidate in *Callahan*, the motions filed in this case shall satisfy the notice requirement of Local Rule 42-1(b).

## III.
## CONCLUSION

For the reasons explained above, the motions for assistance recruiting counsel and to consolidate, dkt. [37] and dkt. [38], are **DENIED**. The **clerk is directed** to send each plaintiff a copy of the Court's motion for assistance recruiting counsel form.

IT IS SO ORDERED.

Date:   1/12/2021

*[Signature: Tanya Walton Pratt]*

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID HOWARD
936576
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

DUSTIN EVANS
211424
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

DAMON FLOWERS
164760
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com